

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG DIVISION**

WILBUR EARL TENNANT, ERWIN JACKSON
TENNANT, JAMES DAVID TENNANT, DELLA
MARIE TENNANT, and SANDRA K. TENNANT,

       Plaintiffs,

v.

                                        CIVIL ACTION NO. 6:99-0488

E.I. DUPONT DE NEMOURS & CO., INC.,

       Defendant.

FILED

OCT 2 1 1999

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Courts
Southern District of West Virginia

## SECOND AMENDED COMPLAINT

Now come plaintiffs Wilbur Earl Tennant, Erwin Jackson Tennant, James David Tennant,

Della Marie Tennant and Sandra K. Tennant ("Plaintiffs") and state as follows for their Second

Amended Complaint against defendant E.I. DuPont de Nemours & Co., Inc. ("DuPont") herein:

## NATURE OF ACTION

1.      This is a civil action for declaratory, injunctive, and equitable relief, monetary

damages, and response costs incurred and to be incurred by Plaintiffs for bodily injury and property

damage to Plaintiffs and their property arising from the acts and/or omissions of DuPont during the

ownership and/or operation of DuPont's Dry Run Landfill in Wood County, West Virginia, defined

herein as the "Site" under the authority of:  (i) the Comprehensive Environmental Response,

Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. ¶¶ 9601 *et seq.*; (ii)

the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*; (iii) the Resource Conservation

and Recovery Act of 1976, as amended ("RCRA"), 42 U.S.C. §§ 6901 *et seq.*; the Clean Water Act,

as amended ("CWA"), 33 U.S.C. §§ 1251 *et seq.*; (v) the West Virginia Hazardous Waste



Management Act (the "Waste Act"), W.Va. Code §§ 22-18-1 *et seq.*; and (vi) principles of common law.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to:  28 U.S.C. §§ 1331, 1332, 1367, 2201, and 2202; Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613; Section 7002(a) of RCRA, 42 U.S.C. § 6972(a); and Section 505(a) of CWA, 33 U.S.C. § 1365(a).

3.     This Court has pendant and ancillary/supplemental jurisdiction over Plaintiffs' claims arising under state statutory and federal and state common law.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b); Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613; Section 7002(a) of RCRA, 42 U.S.C. § 6972(a); and Section 505(c) of CWA, 33 U.S.C. § 1365(c), because the discharge, disposal and/or release of solid, toxic and/or hazardous wastes, substances, pollutants, and/or contaminants that gives rise to these claims occurred and/or is occurring in this District, because the real property that is the subject of this action is located within this District, and because a substantial part of the events or omissions giving rise to these claims occurred and continues to occur within this District.

## PARTIES

5.     Plaintiff Wilbur Earl Tennant is an individual residing at Route 3, Box 17, Washington, Wood County, West Virginia 26181.

6.     Plaintiff Erwin Jackson Tennant is an individual residing at Route 3, Box 17A, Washington, Wood County, West Virginia 26181.

7.     Plaintiff James David Tennant is an individual residing at Route 3, Box 372, Parkersburg, Wood County, West Virginia 26101.

8.      Plaintiff Della Marie Tennant is an individual residing at Route 3, Box 372, Parkersburg, Wood County, West Virginia 26101.

9.      Plaintiff Sandra K. Tennant is an individual residing at Route 3, Box 17, Washington, Wood County, West Virginia 26181.

10.     Defendant E.I. DuPont de Nemours ("DuPont") is a Delaware corporation authorized to conduct business in the State of West Virginia and has a principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

## GENERAL ALLEGATIONS

11.     Since approximately 1982, DuPont has owned and/or operated a facility known as the E.I. DuPont Dry Run Landfill located adjacent to Route No. 68 in the Harris District of Wood County, West Virginia, near the town of Lubeck, which facility is referred to herein as the "Site" and identified generally for illustrative purposes only as the "Site" on Exhibit A to Plaintiffs' First Amended Complaint.

12.     During DuPont's ownership and/or operation of the Site, DuPont has disposed of one or more solid, toxic, and/or hazardous wastes, substances, pollutants, and/or contaminants at the Site, including but limited to, asbestos, fly ash, bottom ash, boiler ash, coal ash, filter cake sludges, polyamides, acrylics, polyacetal, polyvinyl butyral, polyethylene terephthalate, fluropolymers, paraffin wax, sludges from DuPont's Washington Works plant, filter aids, construction dirt, paper, cardboard, glass, scrap piping and metals, and railroad ties.

13.     During DuPont's ownership and/or operation of the Site, DuPont has failed to compact wastes appropriately at the Site.

3

14.     During its ownership and/or operation of the Site, DuPont has failed to adequately control fugitive dust at the Site.

15.     During its ownership and/or operation of the Site, DuPont has failed to maintain adequate slopes of its landfill surface areas at the Site.

16.     During its ownership and/or operation of the Site, DuPont has failed to properly control stormwater runoff at the Site.

17.     During its ownership and/or operation at the Site, DuPont has failed to adequately control landfill leachate and runoff at the Site.

18.     During its ownership and/or operation of the Site, DuPont has failed to install and/or maintain an appropriate leachate collection and/or treatment system at the Site.

19.     During its ownership and/or operation of the Site, DuPont has failed to install and/or maintain appropriate catch basins at the Site.

20.     During its ownership and/or operation of the Site, DuPont has failed to install and/or maintain appropriately lined sedimentation/settling ponds at the Site.

21.     During its ownership and/or operation of the Site, DuPont has failed to install and/or maintain appropriate runoff/leachate diversion ditches at the Site.

22.     During its ownership and/or operation of the Site, DuPont has failed to appropriately close and/or retrofit surface impoundments at the Site.

23.     During its ownership and/or operation of the Site, DuPont has failed to submit timely notice of its violation of applicable surface and/or groundwater protection standards at the Site.

24.     During its ownership and/or operation of the Site, DuPont has failed to notify appropriate government officials that it changed the nature of the waste DuPont disposed at the Site.

4

25.    During its ownership and/or operation of the Site, DuPont has disposed of wastes, including certain sludges, without first obtaining appropriate government approvals.

26.    During its ownership and/or operation at the Site, DuPont failed to close a drain valve for one of its leachate/sedimentation ponds resulting in the discharge of pollutants into the environment, including the nearby Dry Run stream.

27.    As a result of DuPont's ownership and/or operation of the Site, one or more solid, toxic and/or hazardous wastes, substances, pollutants, and/or contaminants have been and continue to be disposed, discharged, and/or otherwise released into environmental media at the Site (the "Contaminants"), including surface and groundwaters at the Site, including the nearby Dry Run stream.

28.    At all times relevant hereto, Plaintiffs collectively have owned, leased, and/or otherwise possessed several hundred acres of real property adjacent and/or contiguous to the Site which properties are collectively referred to herein as "Plaintiffs' Properties" and are depicted generally for illustrative purposes only as "Plaintiffs' Properties" on Exhibit A to Plaintiffs' First Amended Complaint.

29.    At all times relevant hereto, one or more of the Contaminants originating from the Site have entered and continue to enter one or more portions of Plaintiffs' Properties through various pathways, including but not limited to the Dry Run stream, resulting in the contamination of environmental media, including but not limited to soils and surface and groundwaters, at Plaintiffs' Properties (the "Contamination").

30.    Several hundred of Plaintiffs' cattle have been and continue to be killed, injured, or otherwise adversely affected by the Contamination.

5

31.     The Contamination has adversely impacted and continues to adversely impact flora and fauna at Plaintiffs' Properties, and has impacted and continues to otherwise adversely impact the value of Plaintiffs' Properties.

32.     The Contamination has made and continues to make Plaintiffs physically ill or otherwise physically damaged, and has caused and continues to cause associated emotional and/or mental stress, anxiety, and/or fear of current and/or future illnesses.

### FIRST COUNT
### (CERCLA)

33.     Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 32 of this Complaint as if fully restated herein.

34.     Plaintiffs and DuPont are each "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

35.     The Site is and was at all times relevant hereto, a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

36.     At all times relevant hereto, and at the time of disposal and/or release and/or threatened release at the Site of one or more "hazardous substances," as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), DuPont owned and/or possessed hazardous substances and/or materials containing hazardous substances and by contract, agreement, or otherwise arranged for the treatment and/or disposal of such hazardous substances and/or materials containing hazardous substances at the Site, and is, therefore, a liable party within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

37.     At all times relevant hereto, and at the time of disposal and/or release and/or threatened release at the Site of one or more "hazardous substances," as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), DuPont is and/or was at the time of disposal of such hazardous substances, an owner and/or operator of the Site and is, therefore, a liable party within the meaning of Section 107(a)(1) and/or (2) of CERCLA, 42 U.S.C. § 9607(a)(1) and/or (2).

38.     At all times relevant hereto, and at the time of disposal and/or release and/or threatened release of one or more "hazardous substances," as that term is defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), DuPont is and/or was a person who accepts or accepted one or more such hazardous substances for transport to the Site and is, therefore, a liable party within the meaning of Section 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4).

39.     As a result of the actions of DuPont as referenced in Paragraphs 1 through 38 above, a "release" and/or "threatened release," as those terms are defined in Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of one or more hazardous substances has occurred, is continuing to occur, and all relevant times hereto was occurring at, under, and/or from the Site.

40.     Plaintiffs have incurred and will continue to incur costs to investigate and/or otherwise respond to the release and/or threatened release of hazardous substances at, under, and/or from the Site, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

41.     Plaintiffs' actions taken in response to the release and/or threatened release of one or more hazardous substances at, under, and/or from the Site and the costs incurred incident thereto were necessary and undertaken in a manner consistent with the National Contingency Plan set forth at 40 C.F.R. Part 300.

42.     Plaintiffs have satisfied any and all conditions precedent to the undertaking of response actions, the incurrence of response costs, and to the recovery of such costs from DuPont under CERCLA.

43.     Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), DuPont is strictly liable to Plaintiffs, jointly and severally, for all response costs, including prejudgment interest, incurred and to be incurred by Plaintiffs in response to hazardous substances at, under, and/or from the Site.

44.     Under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), Plaintiffs are entitled to contribution from DuPont for DuPont's equitable share of all liability, response costs, and damages incurred and to be incurred by Plaintiffs in response to hazardous substances at, under, and/or from the Site.

## SECOND COUNT
## (RCRA)

45.     Plaintiffs incorporate herein the allegations set forth in Paragraphs 1 through 44 of this Complaint as if fully restated herein.

46.     Plaintiffs and DuPont are each "persons" within the meaning of Section 1004(15) of RCRA, 42 U.S.C. § 6903(15).

47.     DuPont is a past or present generator, past or present transporter, and/or past or present owner and/or operator of a treatment, storage, and/or disposal facility, who has contributed and/or is contributing to the past and/or present handling, storage, treatment, transportation, and/or disposal of "solid waste" within the meaning of Section 1004(27) of RCRA, 42 U.S.C. § 6903(27), and/or "hazardous waste" within the meaning of Section 1004(5) of RCRA, 42 U.S.C. § 6903(5), at, under, and/or from the Site, which may present an imminent and substantial endangerment to health

or the environment, within the meaning of Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B).

48.     As a direct and proximate result of DuPont's acts and/or omissions contributing to the past and/or present handling, storage, treatment, transportation, and/or disposal of solid and/or hazardous waste at, under, and/or from the Site, which may present an imminent and substantial endangerment to health or the environment, DuPont is liable for such endangerment under Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B).

49.     DuPont does not dispute that Plaintiffs have complied with the notice requirements set forth in Section 7002(b)(2) of RCRA, 42 U.S.C. § 6972(b)(2), and at least ninety (90) days have past between the date of such notice and the date of filing this Second Amended Complaint.

50.     Plaintiffs have complied with all conditions precedent to bringing their claim against DuPont under Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), and no action has been taken which could prevent the filing of this RCRA claim under Section 7002(b)(2) of RCRA, 42 U.S.C. § 6972(b)(2).

51.     Plaintiffs are entitled to an injunction against DuPont ordering DuPont to undertake and/or pay for any and all investigations, studies, monitoring, response, removal, and remedial actions and/or any other activities and/or actions necessary and/or required to respond to, abate, remediate, and/or otherwise address any environmental contamination at, under, and/or from the Site and/or Plaintiffs' Properties that may present an imminent and substantial endangerment to health or the environment, and ordering DuPont to take all such other actions as this Court may deem necessary, pursuant to Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B).

## THIRD COUNT
## (DECLARATORY JUDGMENT)

52.     Plaintiffs incorporate herein the allegations set forth in Paragraphs 1 through 51 of this Complaint as if fully restated herein.

53.     An actual, substantial and justiciable controversy exists between Plaintiffs and DuPont regarding their respective rights and obligations for the response costs and/or damages that have been and will be incurred in connection with the release and/or threatened release of one or more hazardous substances at, under, and/or from the Site.

54.     Plaintiffs seek a declaratory judgment against DuPont under Section 113(g)(2) of CERCLA, 42 U.S.C. §9613(g)(2), and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, holding DuPont strictly liable, jointly and severally, for all and/or DuPont's equitable share of the response costs incurred and to be incurred by Plaintiffs that will be binding in any subsequent action to recover further response costs or damages.

55.     Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaration from this Court that DuPont is strictly liable, jointly and severally, to Plaintiffs for all and/or DuPont's equitable share of the response costs and damages incurred or to be incurred by Plaintiffs.

## FOURTH COUNT
## (CLEAN WATER ACT)

56.     Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 55 of this Complaint as of fully restated herein.

57.     Plaintiffs are each "citizens" within the meaning of Section 505(g) of CWA, 33, U.S.C. § 1365(g).

10

58.    DuPont is a "person" within the meaning of Section 502(5) of CWA, 33 U.S.C. § 1362(5).

59.    On April 14, 1998, the West Virginia Division of Environmental Protection ("WVDEP") renewed and reissued a National Pollutant Discharge Elimination System permit (Permit No. WV0076244) (the "Permit"), to DuPont for water discharges from the Site through authority of Section 1342 of CWA, 33 U.S.C. § 1342.

60.    Monthly monitoring reports submitted to WVDEP by DuPont for at least the months of May, July, and August, 1998 confirm that DuPont has discharged and continues to discharge waste from Outlet 001 at the Site in amounts and concentrations that exceed applicable limits established under the Permit for at least iron, manganese, aluminum, and total suspended solids, thereby violating at least conditions A.1, B.1, C.1, C.3, C.12, D.1, F.2, F.3, F.4, G.7, and G.17 of the Permit.

61.    Monthly monitoring reports submitted to WVDEP by DuPont for at least the months of May, July, and November of 1998 confirm that DuPont has discharged and continues to discharge waste from the Site into the nearby Dry Run stream in amounts and concentrations that exceed applicable limits established under the Permit for at least aluminum and iron, thereby violating at least conditions C.1, C.3, C.12, D.1, F.2, F.3, F.4, G.7, G.8, and G.17 of the Permit.

62.    Monthly monitoring reports submitted to WVDEP by DuPont for at least the months of May, July, August, and November of 1998 confirm that DuPont is currently in violation of at least Paragraphs 1 and 3 of the Compliance Order set forth on Page 4 of the April 14, 1998, Findings and Order issued by WVDEP to DuPont as a result of violations of the CWA and Permit standards and limitations referenced above (Findings and Order No. 4015).

63.     DuPont's continuing and on-going violations referenced above constitute continuing and on-going violations of at least Sections 301(a) and 405(a) of the CWA, 33 U.S.C. §§ 1311(a), 1345(a), and Sections 22-11-6, 22-11-8, 22-11-16, and 22-11-18 of the West Virginia Water Pollution Control Act, W.Va. Code §§ 22-11-1 *et seq.* (collectively the "Law").

64.     The Permit limits, Law, and compliance order provisions referenced above constitute "effluent standards or limitations" within the meaning of Section 505(f) of the CWA, 33 U.S.C. § 1365(f).

65.     By virtue of DuPont's violations of the effluent standards or limitations referenced above, DuPont is in violation of "(A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation" within the meaning of Section 505(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1).

66.     DuPont does not dispute that Plaintiffs have complied with the notice requirements set forth in Section 505(b)(1)(A) of the CWA, 33, U.S.C. § 1365(b)(1)(A), and at least sixty (60) days have passed between the date of such notice and the date of filing this Second Amended Complaint.

67.     Plaintiffs have complied with all conditions precedent to bringing their claim against DuPont under Section 1365(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1), and no action has been taken which could prevent the filing of this CWA claim under Section 505(b)(1)(B) of the CWA, 33 U.S.C. § 1365(b)(1)(B).

68.     Plaintiffs are entitled to an injunction against DuPont ordering DuPont to comply with the effluent standards or limitations and compliance order referenced above, to pay appropriate civil penalties under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), to pay all costs of litigation

12

(including reasonable attorney and expert witness fees) and to take all such other action as the Court may deem necessary, pursuant to Section 505(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1).

## FIFTH COUNT
## (WEST VIRGINIA HAZARDOUS WASTE MANAGEMENT ACT)

69.     Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 67 of this Complaint as if fully restated herein.

70.     Plaintiffs and DuPont are each "persons" within the meaning of Section 22-18-3(11) of the Waste Act, W.Va. Code §22-18-3(11).

71.     As a result of the acts and/or omissions of DuPont as referenced in Paragraphs 1 through 70 above, DuPont has and continues to operate the Site in violation of applicable permit requirements set forth in Section 22-18-8 of the Waste Act, W.Va. Code §22-18-8.

72.     As a result of the acts and/or omissions of DuPont as described in Paragraphs 1 through 71 above, Plaintiffs are entitled to bring a citizens suit against DuPont to obtain DuPont's compliance with applicable law, pursuant to Section 22-18-19(a) of the Waste Act, W.Va. Code §22-18-19(a).

73.     Dupont does not dispute that Plaintiffs have complied with the notice requirements set forth in Section 22-18-19(a) of the Waste Act, W.Va. Code §22-18-19(a), and at least sixty (60) days have passed between the date of such notice and the date of filing this Second Amended Complaint.

74.     Plaintiffs have complied with all conditions precedent to bringing their claim against DuPont under Section 22-18-19(a) of the Waste Act, W.Va. Code §22-18-19(a), and no action has

13

been taken which could prevent the filing of this Waste Act claim under Section 22-18-19(a) of the Waste Act, W.Va. Code §22-18-19(a).

75.    Plaintiffs are entitled to an injunction against DuPont, ordering DuPont to comply with the requirements set forth in Section 22-18-8 of the Waste Act, W.Va. Code §22-18-8, and ordering DuPont to take all such other action as this Court may deemed necessary, pursuant to Section 22-18-19(a) of the Waste Act, W.Va. Code §22-18-19(a).

## SIXTH COUNT
## (CONTRIBUTION)

76.    Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 75 of this Complaint as if fully restated herein.

77.    To the extent Plaintiffs have incurred damages and response costs and will continue to incur damages and response costs in the future in response to the release and/or threatened release of one or more solid, toxic, and/or hazardous wastes, substances, pollutants, and/or contaminants at, under, and/or from Site, DuPont is liable, jointly and severally, to Plaintiffs for contribution pursuant to Plaintiffs' right of contribution arising under Federal and State common law and applicable statutes.

## SEVENTH COUNT
## (NEGLIGENCE)

78.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 77 of this Complaint as if fully restated herein.

79.    In connection with its ownership and/or operation of the Site, DuPont has had and continues to have a duty of ordinary and reasonable care to operate and manage the Site in such a way as to not create a nuisance or situation causing any injury or damage to human health or the environment.

14

80.     DuPont breached its duty of ordinary and reasonable care by negligently operating and/or managing the Site and/or conducting other operations and/or activities at the Site in such a manner as to cause, permit, and/or allow the release and/or threatened release of solid, toxic, and/or hazardous wastes, substances, pollutants, and/or contaminants at, under, and/or from the Site.

81.     DuPont's negligent acts and/or omissions proximately caused and continue to proximately cause damage to Plaintiffs in the form of property damage and bodily injury, in addition to creating a situation harmful to human health and the environment, for which DuPont is liable.

## EIGHTH COUNT
## (NEGLIGENCE PER SE)

82.     Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 81 of this Complaint as if fully restated herein.

83.     By its acts and/or omissions resulting in the release and/or threatened release of one or more solid, toxic, and/or hazardous wastes, substances, pollutants, and/or contaminants at, under, and/or from the Site, DuPont violated and continues to violate one or more applicable State and/or Federal statutes, including but not limited to Sections 22-11-6, 22-11-8, 22-11-16, 22-11-18, 22-15-10, and 22-18-8 of the West Virginia Code, constituting negligence *per se*.

84.     DuPont's violation of law proximately caused and continues to proximately cause damage to Plaintiffs in the form of property damage and bodily injury for which DuPont is liable.

## NINTH COUNT
## (NUISANCE)

85.     Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 84 of this Complaint as if fully restated herein.

86.     DuPont's acts and/or omissions in operating and/or otherwise managing the Site caused and continue to cause a substantial and unreasonable interference with Plaintiffs' use and enjoyment of Plaintiffs' Properties and has materially diminished and continues to diminish the value of Plaintiffs' Properties.

87.     DuPont's substantial and unreasonable interference with the use and enjoyment of Plaintiffs' Properties and continuing substantial and unreasonable interference with such use and enjoyment of Plaintiffs' Properties constitutes a continuing private nuisance.

88.     DuPont's creation and continuing creation of a continuing private nuisance proximately caused and continues to proximately cause damage to Plaintiffs in the form of property damage and bodily injury, including diminution in the value of Plaintiffs' Properties, for which DuPont is liable.

## TENTH COUNT
## (TRESPASS)

89.     Plaintiffs incorporate herein the allegations contained in Paragraphs 1 through 88 of this Complaint as if fully restated herein.

90.     DuPont's acts and/or omissions resulting in the release and/or threatened release of one or more solid, toxic, and/or hazardous wastes, substances, pollutants, and/or contaminants at, under, and/or from the Site have resulted and continue to result in the release and/or threatened release of one or more such solid, toxic, and/or hazardous wastes, substances, pollutants, and/or contaminants at, under, onto, and/or into Plaintiffs' Properties.

91.     The solid, toxic, and/or hazardous wastes, substances, pollutants, and/or contaminants present on Plaintiffs' Properties originating from the Site were at all relevant times hereto, and continue to be, the property of DuPont.

16

92.     The invasion and presence of DuPont's solid, toxic, and/or hazardous wastes, substances, pollutants, and/or contaminants at, under, onto, and/or into Plaintiffs' Properties was and continues to be without permission or authority from Plaintiffs or anyone who could grant such permission or authority.

93.     The presence and continuing presence of DuPont's solid, toxic, and/or hazardous wastes, substances, pollutants, and/or contaminants at Plaintiffs' Properties constitutes a continuing trespass.

94.     DuPont's past and continuing trespass upon Plaintiffs' Properties proximately caused and continues to proximately cause damage to Plaintiffs in the form of property damage and bodily injury, including diminution in the value of Plaintiffs' Properties, for which DuPont is liable.

### ELEVENTH COUNT
### (PUNITIVE DAMAGES)

95.     Plaintiffs incorporate herein the allegations contained in paragraphs 1 through 94 of this Complaint as if fully restated herein.

96.     DuPont's acts and/or omissions as described above were conducted with such malicious, wanton, willful, and/or reckless indifference to Plaintiffs' rights and/or flagrant disregard for the safety and/or property of Plaintiffs that DuPont is liable for punitive damages.

**WHEREFORE**, Plaintiffs hereby demand that this Court:

A.     Enter a judgment against DuPont, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, that DuPont is strictly liable, jointly and severally, to Plaintiffs for all response costs and damages that Plaintiffs have incurred and will incur in connection with the release and/or threatened

release of hazardous substances at, under, and/or from the Site in an amount according to the proof at trial, plus attorneys' fees (to the extent recoverable), costs, and prejudgment interest;

B.     In the alternative, enter a judgment against DuPont, pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), that DuPont is strictly liable to Plaintiffs for DuPont's fair, equitable, and proportionate contribution for all response costs and damages that Plaintiffs have incurred and will incur in connection with the release and/or threatened release of hazardous substances at, under, and/or from the Site in an amount according to the proof at trial, plus attorneys' fees (to the extent recoverable) costs, and prejudgment interest;

C.     Enter a declaratory judgment against DuPont, pursuant to Sections 107 and 113(g) of CERCLA, 42 U.S.C. § 9607, 9613(g), and/or 28 U.S.C. §§ 2201, 2202 that DuPont is strictly liable, jointly and severally, to Plaintiffs for all response costs and damages that Plaintiffs have incurred and will incur in connection with the release and/or threatened release of hazardous substances at, under, and/or from the Site in an amount according to the proof at trial, plus attorneys' fees (to the extent recoverable) costs, and prejudgment interest;

D.     In the alternative, enter a declaratory judgment against DuPont, pursuant to Section 113(f) and (g) of CERCLA, 42 U.S.C. § 9613(f), (g), and/or 28 U.S.C. §§ 2201, 2202 that DuPont is strictly liable to Plaintiffs for DuPont's fair, equitable, and proportionate contribution for all response costs and damages that Plaintiffs have incurred and will incur in connection with the release and/or threatened release of hazardous substances at, under, or from the Site in an amount according to the proof at trial, plus attorneys' fees (to the extent recoverable), costs, and prejudgment interest;

E.     Enter an injunction against DuPont, pursuant to Section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), ordering DuPont to undertake and/or pay for any and all investigations,

studies, monitoring, response, removal, remedial, and/or any other actions necessary and/or otherwise required to respond to, abate, remediate, and/or otherwise address any environmental contamination at, under, and/or from the Site and/or Plaintiffs' Properties that may present an imminent and substantial endangerment to health or the environment, and ordering DuPont to pay all costs of litigation (including reasonable attorney and expert witness fees) and prejudgment interest;

F.      Enter an injunction against DuPont, pursuant to Section 505(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1), ordering DuPont to comply with the effluent standards or limitations and compliance orders that DuPont is violating, to pay appropriate civil penalties under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), and ordering DuPont to pay all costs of litigation (including reasonable attorney and expert witness fees) and prejudgment interest;

G.      Enter an injunction against DuPont, pursuant to Section 22-18-19(a) of the Waste Act, W.Va. Code § 22-18-19(a), ordering DuPont to comply with applicable provisions of Section 22-18-8 of the Waste Act, W.Va. Code § 22-18-8, and ordering DuPont to pay all costs of litigation (including reasonable attorney and expert witness fees) and prejudgment interest;

H.      Enter a judgment against DuPont under Federal and/or State common law that DuPont is liable to Plaintiffs in contribution for DuPont's fair, equitable, and proportionate share of all liability, response costs, and damages incurred and to be incurred in connection with any environmental contamination at the Site;

I.      Enter a judgment against DuPont that DuPont is liable to Plaintiffs for negligence in an amount to be determined at trial;

J.      Enter a judgment against DuPont that DuPont is liable to Plaintiffs for negligence per se in an amount to be determined at trial;

19

K.      Enter a judgment against DuPont that DuPont is liable to Plaintiffs for nuisance in an amount to be determined at trial;

L.      Enter a judgment against DuPont that DuPont is liable to Plaintiffs for trespass in an amount to be determined at trial;

M.      Enter a judgment against DuPont that DuPont is liable to Plaintiffs for punitive damages in an amount to be determined at trial; and

N.      Enter a judgment against DuPont for Plaintiffs' costs, attorneys' fees, and interest and all such other and further relief as this Court may deem just and appropriate.

### JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

> WILBUR EARL TENNANT, ERWIN JACKSON
> TENNANT, JAMES DAVID TENNANT, DELLA
> MARIE TENNANT, and SANDRA K. TENNANT
>
> *Larry A. Winter*
>
> Larry A. Winter
> Carey, Hill, Scott, Winter & Johnson PLLC
> P.O. Box 3884
> Charleston, WV  25338
> (304) 345-1234
>
> Robert A. Bilott
> J. Steven Justice
> Taft, Stettinius & Hollister LLP
> 1800 Firstar Tower
> 425 Walnut Street
> Cincinnati, OH  45202-3957
> (513) 381-2838

## CERTIFICATE OF SERVICE

I hereby certify that a filed, date-stamped copy of the foregoing **Second Amended Complaint**, which was filed with the Court on October 21, 1999, was served upon the following parties by regular U.S. mail, postage prepaid, this 21st day of October, 1999:

> The Honorable Janet Reno
> Attorney General of the United States
> 5111 Main Street Building
> 10th Street and Constitution Ave., N.W.
> Washington, D.C.  20530
>
> Carol Browner, Administrator
> United States Environmental
>   Protection Agency
> 401 M Street, S.W.
> Washington, D.C.  20460
>
> W. Michael McCabe, Regional Administrator
> United States Environmental
>   Protection Agency, Region III
> 1650 Arch Street
> Philadelphia, PA  19103-2029
>
> Michael Miano, Director
> WV Division of Environmental Protection
> 10 McJunkin Road
> Nitro, WV  25143
>
> Eric M. James, Esq.
> Paula Durst Gillis, Esq.
> Spilman, Thomas & Battle
> P.O. Box 273
> Charleston, WV  25321

_Larry A. Winter_
Larry A. Winter